UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ex rel. KELLI CAREY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:04-CV-131 |
| ) | Phillips/Shirley |
| LAWANA BROCK, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

This action is before the Court on defendants' motion to dismiss plaintiff's personal action [Doc. 26]. Plaintiff, as representative of the United States, has filed her complaint based upon the False Claims Act ("FCA"), 31 U.S.C. §3729; a violation of the of the Medicare Statute, 42 U.S.C. §1395y(a)(1)(A); as well as individual personal injuries. Defendants have moved to dismiss any personal injury claims of the relator from the suit stating that the relator does not have standing to present her personal claims in a *qui tam* suit. The plaintiff has responded, and the defendants have submitted a reply for the Court's consideration. For the reasons that follow, defendant's motion to dismiss plaintiff's personal action is **DENIED**.

## LAW APPLICABLE TO RULE12(b)(6) OF THE
## FEDERAL RULES OF CIVIL PROCEDURE

A motion to dismiss under Rule 12(b)(6), Federal Rules of Civil Procedure, requires

1

a court to construe the complaint in the light most favorable to the plaintiff, accept all the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of her claims that would entitle her to relief. *Meador v. Cabinet for Human Resources,* 902 F.2d 474, 475 (6thCir. 1990) *cert. denied,* 498 U.S. 867 (1990). A court may not grant such a motion to dismiss based upon a disbelief of a complaint's factual allegations. *Lawler v. Marshall,* 898 F.2d 1196, 1198 (6thCir. 1990); *Miller v. Currie,* 50 F.3d 373, 377 (6thCir. 1995) (noting that courts should not weigh evidence or evaluate the credibility of witnesses). A court must liberally construe the complaint in favor of the party opposing the motion. *Id.* However, the complaint must articulate more than a bare assertion of legal conclusions. *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434 (6thCir. 1988). "[The] complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Id.* (citations omitted).

## **BACKGROUND**

In March of 2003, Kelli Carey ("Carey") began teaching an x-ray class while employed by Tazewell Medical Clinic, Inc. as registered technologist.[1] Unfortunately, while the course was underway, a wage dispute arose between Ms. Carey and the clinic causing Ms. Carey to leave employment. After notifying the defendants that she had terminated her

---

[1] As a registered technologist, Ms. Carey is lawfully able to shoot most types of x-rays. Furthermore, she is certified by and registered with the American Registry of Radiologic Technologist (ARRT) and licensed in the state of Tennessee.

2

employment, Ms. Carey then asked for the release of her license.

Subsequent to her departure, Ms. Carey was advised that Tazewell Medical Clinic, Inc. did not have an x-ray tech, registered technologist, or anyone licensed by the State of Tennessee to shoot x-rays. Also, Ms. Carey understood that her license remained mounted on the clinic's wall; the clinic was using her licensure for x-ray purposes; and further, the clinic was allowing employees to wear her radioactivity badge. Ms. Carey was also advised that the clinic was receiving payments from Tenn Care, Medicaid, and Medicare for x-rays that were taken for many of the clinic's patients.

Therefore, on March 19, 2004, Ms. Carey filed a complaint with this District Court to address several alleged wrongs committed by the defendants, Lawanna Brock, R.N., Ronald Fejeran, D.O., Ron Brock , P.A., and Tazewell Medical Clinic, Inc., (collectively, "defendants"). The plaintiff's action is based upon the False Claims Act, 31 U.S.C. §3729, and a violation of the Medicare Statute, 42 U.S.C. §1395y(a)(1)(A).[2] In addition, Ms. Carey asserts individual personal injuries in connection with use of her radiation badge by the clinic.

In response, defendants filed the instant motion to dismiss Ms. Carey's personal action stating that the real party in interest in a *qui tam* action is the United States and that

---

[2]This matter is pursued as a *qui tam* action. In a *qui tam* action, the plaintiff sues on behalf of and in the name of the government and invokes the standing of the government resulting from the fraud injury. *See United States ex rel. Milam v. University of Texas M.S. Anderson Cancer Ctr.*, 961 F.2d 46, 49 (4thCir. 1992); and *United States ex rel. Kreindler & Kreindler v. United Technologies Corporation*, 985 F.2d 1148, 1154 (2ndCir. 1993).

3

a relator is not permitted to attach her own personal claims in a lawsuit where she is not a party.[3] Additionally, defendants state that a *qui tam* lawsuit is based on contractual fraud. The defendants argue that Ms. Carey's personal damages, as claimed in her complaint, would lie in a tort of intentional fraud rather than a contract action of fraud.

The plaintiff addresses defendants' motion to dismiss citing a case, which plaintiff asserts supports the proposition that where plaintiff's injury occurs simultaneously with the federal government's injury, the relator should not have to pursue a state law claim in another proceeding. Further, the plaintiff states that the Court may assert pendent jurisdiction over the state law claim. In reply, the defendants assert that plaintiff's case law is distinguishable from the present matter.[4]

## MOTION TO DISMISS AND APPLICABLE LAW

The real party in interest in a *qui tam* action is the United States. *Milam v. University of Texas M.D. Anderson Cancer Center*, 961 F.2d 46, 48 (4thCir. 1992). The Act does provide for suits brought by individuals, but only as *qui tam* relators in the name of the

---

[3]Defendants assert that the Act does provide for suits brought by individuals, but only as *qui tam* relators in the name of the government.

[4]Defendants claim that Ms. Carey did not suffer economic loss; she did not suffer injury simultaneously with the federal government's injury; and her injury was in tort rather than in a contract cause of action. Therefore, defendants argue that plaintiff's supporting case law is inapplicable to the instant matter.

4

Government. *Id.* Although the relator shares a portions of the recovery,[5] the relator has no personal stake in the damages sought by the government. *Id.* at 49. The government, and not the relator, must have suffered the injury as required for the Article III standing. *Id.*

Defendants cite the *Brooks* decision to support their contention that state law tort claims of the relator cannot be attached to a *qui tam* action.[6] *Brooks v. United States of America*, 383 F.3d 521 (6thCir. 2004). Indeed, the Court in *Brooks* held that "[t]he primary purpose of the FCA claim is to ensure that the United States gains restitution of money fraudulently obtained from it. Thus, the underlying cause of action that gives rise to the taxpayer's relator award is based upon contract fraud, not a tort." *Id.* at 524.

Defendants claim that the relator's personal claims are based upon intentional fraud rather than contractual fraud, which must be the ultimate prevailing cause of action in a *qui tam* lawsuit under *Brooks*. Therefore, the defendants assert that the relator's claims are beyond the scope of the *qui tam* lawsuit action, and accordingly, the personal claim should be dismissed. While the defendants put forth competent argument as to disallowing the

---

[5]Congress chose to leave economic incentives to encourage citizens to come forward with knowledge of fraud against the government. Therefore, the relator will receive a percentage of the recovery depending on whether the government decides to intervene. 31 U.S.C. §3730(d)(1)-(2).

[6]The *Brooks* matter involved a relator doctor who filed a *qui tam* action against four doctors and a hospital. The doctor also sued for personal injuries claiming defamation and retaliation. After conclusion of the suit, the doctor's settlement from his personal injury claims were considered excluded from his personal income under 26 U.S.C. §104(a)(2), as damages received on account of personal injuries. The doctor sought to claim his percentage of the *qui tam* award as also excludable under 26 U.S.C. §104(a)(2). The Court stated that Congress did not intend §3730(d) to compensate *qui tam* plaintiffs for personal injuries and held that a *qui tam* relator's award is not excludable from gross income under §104(a)(2).

individual personal damages of the relator under statute and/or theory analysis, case law in the 6th Circuit, as well of other districts, reflects the regular practice of allowing a relator's claim(s), including state law claims, to accompany a *qui tam* claim for an assortment of persuasive reasons.

In *United States ex rel Roby v. Boeing Company*, 100 F.Supp.2d 619 (S.D.Ohio 200), the Court dealt with a *qui tam* action against a government contractor and its supplier who allegedly manufactured and sold defective transmission gears for an Army helicopter. The action also involved common law contract claims. In that matter, the defendant argued that if the underlying FCA claim was dismissed on summary judgement, then the breach of contract claim would be dismissed for want of jurisdiction. *Id.* at 634. The plaintiff countered that when a court has original jurisdiction in regard to one claim, a court may exercise supplemental jurisdiction over state law claims. *Id.* at 634-35; *see also* 28 U.S.C. §1367(c)(3). "Plaintiffs argue[d] that, to the extent this Court may have the occasion to exercise [its] discretion, it should continue to assert jurisdiction over the contract claim, because to do otherwise would waste the judicial resources that this Court has already expended."[7] *Id.* at 635. Plaintiffs' arguments prevailed for purposes of summary judgment, and the common law contract claim remained in the suit. *Id.* at 639.

In *United States, ex rel. Summit v. Baker*, 40 F.Supp.2d 772 (E.D.Va. 1999), the

---

[7]Moreover, the plaintiffs asserted that the Court had decided that jurisdiction over the contract claim was proper at an earlier point in the case upon the Court's ruling regarding a motion to dismiss an amended complaint (*see* doc. 152).

Court discussed the relator's *qui tam* claims as well as his private claim of retaliation, which were all asserted in the same complaint. While the issue in that matter involved the relator's right to settle, dismiss, and collect all of his award with respect to his personal injury claim, the underlying principle of allowing a relator's personal claims to proceed with the government's *qui tam* claim is noted by this Court. Indeed, not only did the Court permit the plaintiff to pursue the claims concurrently, but also the Court found that the *qui tam* claim and personal injury claim were separate and distinct, holding that government was not entitled to any portion of the relator's awards from his personal injury action.

Furthermore, in *United States ex rel Woodard v. County View Care Center, Inc.*, 797 F.2d 888 (10thCir. 1986), the Court was directly confronted with the issue of whether a suit asserting a *qui tam* claim could include a pendent state law claim without having to file a separate proceeding.[8] The Court concluded that the plaintiff's individual losses in such instances are recoverable under the False Claims Act. The Court stated that "[b]y allowing the *qui tam* plaintiff here to recover for itself its share of the fraudulent overpayment (not doubled) and the United States to recover its amount doubled provides an allocation of damages in accord with the shared funding of the program." *Id.* at 894. The Court reasoned that when the injury occurs simultaneously with the federal government's injury and when there is an economic loss, the plaintiff relator should not have to pursue a state law claim in another proceeding. *Id.* This Court acknowledges that dissenting J. Seymour

---

[8]The plaintiff was the state government who was seeking to recover for itself its share of the fraudulent overpayment paid to the defendant. The state and federal government shared in the funding of the program. *Id.* at 894.

would not agree that federal jurisdiction under the applicable statutes extends to a *qui tam* plaintiff who seeks to recover for damages allegedly suffered by him, individually. *Id.* at 894. However, J. Seymour articulates that it would be more efficient to allow a *qui tam* plaintiff to bring his own claims against a defendant with the claim on behalf of the government, stating that this can be accomplished by pendent jurisdiction over plaintiff's state claims. *Id.* at 894-95.

As mentioned above, the defendants argue that *Woodard* is distinguishable from the present matter because Ms. Carey did not suffer economic injury loss, did not suffer injury simultaneously with the federal government's injury, and her injury lies in tort rather than contract cause of action. However, in the instant case, the Court is persuaded by the above mentioned decisions asserting pendent jurisdiction over state law claims in the interest of judicial economy and fairness.[9] A remand/dismissal would waste judicial resources and result in additional delay. Since Congress has not unmistakably and clearly expressed in the language of the statute an intention to disallow pendent state law claims of an individual relator in this type of *qui tam* suit, this Court hereby exercises its discretion to retain the relator's personal injury claims in accordance with general pendent jurisdiction principles.

## **CONCLUSION**

---

[9] Under 28 U.S.C. §1367, the Court, in any civil action where a district court has original jurisdiction, may have supplemental jurisdiction over all other claims if it is determined that the claims are so related to the claim that established original jurisdiction, that they form part of the same case or controversy under Article III of the United States Constitution.

For the reasons hereinabove set forth, defendants' motion to dismiss plaintiff's personal action [Doc. 26] is **DENIED**.

**IT IS SO ORDERED.**

                                           **ENTER:**

                                           s/Thomas W. Phillips
                                           UNITED STATES DISTRICT JUDGE